**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

THERESE SIMONS,

Plaintiff,

v. Case No.: 3:25-cv-1335-WWB-LLL

FLIGHTSTAR AIRCRAFT SERVICES, LLC,

Defendant.
_______________________________/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Second Amended Complaint (Doc. 30) and Plaintiff's Response in Opposition (Doc. 31).[1] For the reasons set forth below, Defendant's Motion will be granted and the Second Amended Complaint will be dismissed without prejudice.

## I. BACKGROUND

Plaintiff Therese Simons, a white female, began working for Defendant Flightstar Aircraft Services, LLC, in November 2023. (Doc. 27, ¶¶ 8, 10, 22–23). As a receiving inspector, Plaintiff was responsible for inspecting incoming parts and materials for regulatory compliance and quality. (*Id.* ¶¶ 10, 24). Plaintiff was assigned to a workstation

---

[1] The Second Amended Complaint (Doc. 27) and Response in Opposition fail to comply with this Court's January 13, 2021 Standing Order. The Second Amended Complaint also fails to comply with this Court's April 2, 2026 Standing Order. The parties have been warned that these failures could result in sanctions including the striking of filings. (Doc. 12; Doc. 24 at 1 n.1; Doc. 29). Nevertheless, in the interests of justice, the Court will consider the filings because this matter is fully briefed and ripe for resolution on the merits. Future failures to comply with all applicable rules and orders of this Court will result in the dismissal of this case or in the striking or denial of filings without notice or leave to refile.

adjacent to that of Geovanne Lopez, a hispanic male who was also a receiving inspector. (*Id.* ¶¶ 29–30). Plaintiff alleges that, shortly after starting her job, Lopez began harassing her. (*Id.* ¶ 29). Specifically, "[f]rom November 2023 through June 2024, Lopez repeatedly called Plaintiff 'Whitie.'" (*Id.* ¶ 32). Lopez also stated that "there were more of [him]," meaning nonwhite employees, "than her," meaning white employees. (*Id.* ¶ 33). And Lopez disparaged Plaintiff's ability to perform physical work relative to male employees. (*Id.* ¶ 34). Plaintiff alleges that "[t]hese discriminatory comments and conduct were frequent." (*Id.* ¶ 36).

Additionally, Lopez's comments were made in the presence of supervisors, who failed to intervene. (*Id.* ¶ 37). Plaintiff formally reported Lopez's conduct to HR, who also failed to act. (*Id.* ¶¶ 38, 42). Lopez continued to make discriminatory comments toward Plaintiff, who submitted a second handwritten complaint to HR in May 2024 and came to report Lopez's conduct on a near-daily basis. (*Id.* ¶¶ 39–41). Plaintiff also submitted a written request to HR to discuss Lopez's continuing conduct.[2] (*Id.* ¶ 41). At some point, Plaintiff was informed that an investigation into her complaints had been conducted, but nothing changed on the ground as Lopez's "harassment and discrimination continued unabated." (*Id.* ¶¶ 42–43). Plaintiff observed that other employees in her department, including non-whites and white males, were not subjected to like treatment. (*Id.* ¶ 47). She resigned in June 2024, abandoning a pending application for promotion to supervisor. (*Id.* ¶¶ 51–54). Upon learning of Plaintiff's resignation, Defendant's HR lead and training supervisor implicitly acknowledged the problems Plaintiff had been facing. (*Id.* ¶¶ 54–55). Specifically, the HR lead expressed her hope that "the Supervisor position

---

[2] It is unclear whether Plaintiff's request for a meeting was ever granted.

[Plaintiff was] applying for would make it better." (*Id.* ¶ 54). The training supervisor asked for Plaintiff's off-the-record input on "issues within [her] department." (*Id.* ¶ 55).

After her resignation, Plaintiff filed a Charge of Discrimination with the EEOC and the Florida Commission on Human Rights. (*Id.* ¶ 18). She alleges that she has exhausted all conditions precedent to suit and asserts race- and sex-based hostile work environment claims as well as claims for retaliation and constructive discharge. (*See generally id.*).

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

### A. Hostile Work Environment (Counts I–II, IV–V, and VII)

Plaintiff brings race- and sex-based hostile work environment claims under the Florida Civil Rights Act ("**FCRA**") and Title VII of the Civil Rights Act of 1964. Additionally, Plaintiff brings a race-based hostile work environment claim under 42 U.S.C. § 1981. These claims do not require separate discussion. *See Pouyeh v. Bascom Palmer Eye Inst.*, 613 F. App'x 802, 809 (11th Cir. 2015); *Eliassaint v. RTG Furniture Corp.*, 551 F. Supp. 3d 1293, 1307, 1310 (M.D. Fla. 2021). To state a claim for hostile work environment, a plaintiff must allege facts sufficient to plausibly suggest that she belongs to a protected group and was subjected to unwelcome harassment based on her membership therein, that the harassment was "severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment," and that her employer is responsible for such environment. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245–46 (11th Cir. 2015) (describing the *Twombly*/*Iqbal* pleading standard as it applies to discrimination claims).

Defendant argues that Plaintiff fails to allege harassment that was sufficiently severe or pervasive as to affect a change in the terms of her employment. "The 'severe or pervasive' requirement contains both an objective and a subjective component. Thus, the harassing behavior must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceives to be abusive." *Alhallaq v. Radha Soami Trading, LLC*, 484 F. App'x 293, 295 (11th Cir. 2012) (quotation and internal citation omitted). The objective component typically

depends on "the frequency of the conduct, the severity, whether it was physically threatening or purely verbal, and whether the conduct interferes with the employee's job performance." *Banks v. Cypress Chase Condo. Ass'n B, Inc.*, 616 F. Supp. 3d 1316, 1321 (S.D. Fla. 2022). Both the Supreme Court and the Eleventh Circuit have emphasized that "conduct must be extreme to amount to a change in the terms and conditions of employment." *Corbett v. Beseler*, 635 F. App'x 809, 816 (11th Cir. 2015) (emphasis removed) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). Likewise, "the Eleventh Circuit has consistently held that a pattern of rude and insensitive remarks . . . [is] insufficient to establish a hostile work environment." *Howard v. Sunniland Corp.*, No. 2:16-cv-321-FtM, 2016 WL 6524394, at *3 (M.D. Fla. Nov. 3, 2016).

The Court agrees that Plaintiff fails to allege objectively severe or pervasive harassment. To start, Lopez's harassment was purely verbal; no allegations pertain to physically threatening conduct. Nor was the alleged conduct severe. Plaintiff alleges that Lopez repeatedly called her "Whitie." (Doc. 27, ¶ 32). She alleges that Lopez stated that there were more hispanic employees than white employees. (*Id.* ¶ 33). She alleges that Lopez stated that she could not perform the same work as men and that Defendant should hire more male employees. (*Id.* ¶ 34). And she alleges otherwise nondescript harassment and discriminatory conduct. (*Id.* ¶¶ 39–40, 43, 47–48, 57). Taken together, these allegations fall far short of suggesting that Plaintiff was subjected to conduct sufficiently severe or pervasive to alter the terms and conditions of her employment and create a discriminatorily abusive working environment.[3] It is thus unsurprising that

[3] Claims of far more offensive conduct have been dismissed at the pleading stage. *See Alhallaq*, 484 F. App'x at 296 (finding that "remarks that [the Muslim plaintiff] was 'dirty' and for her 'to go to Hell' and 'burn in Hell,' and the playing of Christian gospel

Plaintiff alleges no facts suggesting that Lopez's conduct interfered with her job performance. Indeed, Plaintiff seems to allege the opposite. (*Id.* ¶ 26 ("Throughout her employment, Plaintiff performed her job duties at satisfactory or above-satisfactory levels.")).

Plaintiff is therefore left with frequency. In addition to "repeatedly" being called "Whitie," Plaintiff alleges that she suffered "frequent," "ongoing," and "continu[ous]" discrimination and harassment. (*Id.* ¶¶ 32, 36, 39–41, 43). The Court takes these allegations in the most beneficial light it can, but the precise frequency of Lopez's alleged conduct remains fatally unclear. Plaintiff certainly alleges *subjectively* pervasive harassment, but she alleges no facts suggesting how objectively pervasive the harassment was. Her "near-daily" reporting of harassment described as "ongoing" only reinforces the point. (*Id.* ¶ 40). Moreover, Plaintiff's conclusory allegations of harassment and discriminatory conduct fail to delineate a particular basis (e.g., race or sex) on which the harassment was based. (*See, e.g.*, *id.* ¶¶ 36, 39). Perhaps Plaintiff fielded race-based comments daily and suffered comparatively little sex-based harassment. That

music . . . amounted to mere offensive utterances or general vulgarity that Title VII does not regulate"); *Lynch v. Javara, Inc.*, No. 3:24-cv-200, 2025 WL 4698738, at *3 (N.D. Ga. July 28, 2025) (finding superior's alleged lewd comments and "sexual relationship with [the plaintiff's] father despite his marriage . . . not severe when viewed in light of Eleventh Circuit precedent" and collecting cases); *McCurdy v. State of Ala. Disability Determination Serv.*, No. 2:13cv934, 2015 WL 5737103, at *14 (M.D. Ala. Sept. 30, 2015) (allegations of being "subjected to the epithet 'dumb [n-word]' . . . on 'several occasions[]'" raised no "inference that [the plaintiff] was subjected to" objectively severe or pervasive harassment); *Thompson v. City of Miami Beach*, 990 F. Supp. 2d 1335, 1337–38, 1341 (S.D. Fla. 2014) (being subjected to multiple racial slurs, a race-based nickname, an episode of aggressive berating, and minatory surveillance not objectively severe); *see also Walker v. Baptist Health Sys., Inc.*, No. 3:25-cv-588, 2025 WL 3902262, at *9 (M.D. Fla. Dec. 15, 2025) (collecting cases).

distinction matters for the claims Plaintiff alleges, yet the Complaint makes no distinction at all.

Accepting that Lopez's harassment occurred regularly, Plaintiff has still failed to allege harassment so objectively severe or pervasive as to alter the terms and conditions of her employment and create a discriminatorily abusive working environment. Her hostile work environment claims will therefore be dismissed.

**B. Constructive Discharge (Counts VIII, IX, and X)**

Plaintiff brings constructive discharge claims under the FCRA, Title VII, and § 1981. "Establishing a constructive discharge claim is a more onerous task than establishing a hostile work environment claim." *Bryant v. Jones*, 575 F.3d 1281, 1298 (11th Cir. 2009). "A constructive discharge occurs when a discriminatory employer imposes working conditions that are so intolerable that a reasonable person in [the employee's] position would have been compelled to resign." *Fitz v. Pugmire Lincoln-Mercury, Inc.*, 348 F.3d 974, 977 (11th Cir. 2003) (alteration in original) (quotation omitted); *see also Richardson v. Recreational Vehicle Park Mgmt., LLC*, 330 So. 3d 104, 106 & n.* (Fla. 1st DCA 2021). Accordingly, a plaintiff who fails to allege a hostile work environment for want of sufficiently severe or pervasive harassment necessarily fails to allege a constructive discharge. *Palmer v. McDonald*, 624 F. App'x 699, 704 (11th Cir. 2015) ("Because [the plaintiff] cannot show a hostile working environment, he likewise cannot meet the higher standard required to establish a constructive discharge claim."); *see also Cole v. Young*, No. 25-11875, 2026 WL 2225600, at *10 (11th Cir. Aug. 3, 2026).

Plaintiff's constructive discharge claims raise allegations of workplace conditions that are nearly identical—no more severe and arguably less specific—as those presented

in her hostile work environment claims. Neither these allegations nor Plaintiff's conclusory and subjective descriptions of "intolerable" working conditions, (Doc. 27, ¶¶ 48, 159, 169, 180), plausibly allege that a reasonable person in Plaintiff's shoes would have felt compelled to resign. The Court therefore agrees with Defendant that Plaintiff fails to state a claim for constructive discharge.

**C. Retaliation (Counts III and VI)**

Plaintiff brings retaliation claims under the FCRA and Title VII. To state a claim under either law, a plaintiff must allege facts sufficient to plausibly suggest "(1) that she engaged in a protected activity, (2) that she suffered adverse employment action, and (3) that the protected activity caused the adverse employment action." *Simpson v. Stepp's Towing Serv., Inc.*, No. 8:24-cv-2932, 2025 WL 2719234, at *2 (M.D. Fla. Sept. 24, 2025); *see also Carter v. Health Mgmt. Assocs.*, 989 So. 2d 1258, 1262 (Fla. 2d DCA 2008). Defendant argues that Plaintiff fails to allege the second and third elements. As to the second, the Court agrees that Plaintiff's blanket allegations of continuing "discriminatory and harassing conduct," (*e.g.*, Doc. 27, ¶ 137), are too vague to plausibly suggest that an adverse employment action occurred. *See Demps v. Sec'y for the Dep't of Veterans Affs.*, No. 1:25-cv-388, 2026 WL 735246, at *1 (N.D. Fla. Mar. 13, 2026) (finding allegations of a "continuing pattern of scrutiny and harassment" insufficient (quotation omitted)). Plaintiff's counterarguments are unavailing. She protests that her alleged constructive discharge is the adverse employment action underlying her retaliation claims. However, Plaintiff never alleged this in her retaliation claims. (*See* Doc. 27, ¶¶ 93–103, 130–139). And even if she had, the alleged "constructive discharge must still be plausible on its face." *Griner v. City of Sanibel*, No. 2:17-cv-282-FtM, 2017 WL

3782788, at *2 (M.D. Fla. Aug. 31, 2017). For reasons already discussed, that is not the case here.

The Court notes that the parties apparently agree that a qualifying adverse employment action is one that would dissuade a reasonable worker from making or supporting a charge of discrimination. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). However, in the Title VII context, a plaintiff need only allege facts "show[ing] . . . some disadvantageous change in an employment term or condition." *Muldrow v. City of St. Louis*, 601 U.S. 346, 354 (2024) (internal quotation marks omitted)). The parties thus fail to recognize that "the legal standard set forth in *Muldrow* altered [the Eleventh Circuit's] existing Title VII case law." *Lukie v. MetLife Grp., Inc.*, No. 22-10967, 2024 WL 4471109, at *5 (11th Cir. Oct. 11, 2024); *see also Davis v. Orange Cnty.*, No. 23-12759, 2024 WL 3507722, at *3 (11th Cir. July 23, 2024). Regardless, Defendant's vagueness argument applies equally to the applicable standard—because Plaintiff fails to allege *any* change in the terms or conditions of her employment, her allegations cannot clear even the lower hurdle set by *Muldrow*.

It follows that Plaintiff also fails to allege causation. Meeting this element requires facts suggesting that whatever adverse action Plaintiff suffered was not wholly unrelated to her protected activity. *See Williams v. Sch. Bd. of Pinellas Cnty.*, No. 8:22-cv-2279, 2023 WL 2810731, at *5 (M.D. Fla. Apr. 6, 2023). Plaintiff again seems to allege the opposite. For instance, "[a]fter [she] engaged in protected activity," Plaintiff alleges that "Defendant failed to take adequate remedial action[ and] allowed the discriminatory and harassing conduct to continue." (Doc. 27, ¶ 100; *see also id.* ¶¶ 101, 137–138). But if Plaintiff continued to suffer the same discriminatory conduct after engaging in protected

activity, the strongest inference is that the two were wholly unrelated. *Cf. Santana v. Telemundo Network Grp., LLC*, No. 22-13879, 2026 WL 180272, at *10 (11th Cir. Jan. 22, 2026) ("The complaint portrays the challenged decisions as a departure from her prior treatment and as a coordinated response to her protected activity—not merely a continuation of prior harassment. At the pleading stage, that is enough."). In sum, Plaintiff's allegations, as currently pleaded, are simply too vague and conclusory to state a plausible claim for retaliation.

## IV. CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Second Amended Complaint (Doc. 30) is **GRANTED**.
2. The Second Amended Complaint (Doc. 27) is **DISMISSED without prejudice**.
3. Plaintiff may file a third amended complaint on or before **October 5, 2026**. The failure to timely file an amended pleading in compliance with this Order will likely result in this action being dismissed with prejudice.

**DONE AND ORDERED** in Jacksonville, Florida on September 22, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record